# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : Hon. James B. Clark III |
| v. | : Magistrate No. 19-3302(JBC) |
| ROLANDO PEREZ-VICENTE, a/k/a "Ronaldo Perez Vincente," a/k/a "Ronaldo Vicente Perez" | : **CRIMINAL COMPLAINT** |

I, Ian Patel, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief:

### SEE ATTACHMENT A

I further state that I am a Deportation Officer with the United States Department of Homeland Security, Immigration and Customs Enforcement, and that this complaint is based on the following facts:

### SEE ATTACHMENT B

Ian Patel
Deportation Officer
Immigration and Customs Enforcement
U.S. Department of Homeland Security

Sworn to before me and subscribed in my presence,
June 20, 2019 at Newark, New Jersey

HONORABLE JAMES B. CLARK III
UNITED STATES MAGISTRATE JUDGE      Signature of Judicial Officer

## **ATTACHMENT A**

On a date on or after May 10, 2012, and on or before April 3, 2019, in Morris County, in the District of New Jersey, and elsewhere, the defendant,

ROLANDO PEREZ-VICENTE,
a/k/a "Ronaldo Perez Vincente,"
a/k/a "Ronaldo Vicente Perez,"

being an alien, and on or about January 31, 2011, having been convicted in the Superior Court of New Jersey, Morris County, of Criminal Sexual Contact, in the Fourth Degree, in violation of 2C:14-3(b) of the New Jersey Code of Criminal Justice, an aggravated felony, and thereafter having been deported and removed and having departed from the United States while an order of deportation was outstanding, did knowingly and voluntarily enter, attempt to enter, and was found in the United States without the Attorney General or the Secretary of Homeland Security expressly consenting to the defendant's re-applying for admission to the United States prior to his re-embarkation at a place outside the United States.

In violation of Title 8, United States Code, Sections 1326(a) and 1326(b)(2).

**ATTACHMENT B**

I, Ian Patel, am a Deportation Officer with the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and items of evidence. Where statements of others are related herein, they are related in substance and part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. The defendant, ROLANDO PEREZ-VICENTE, a/k/a "Ronaldo Perez Vincente," a/k/a "Ronaldo Vicente Perez," (the "Defendant"), is a citizen of Guatemala, and he neither is a citizen nor a national of the United States.

2. On or about August 30, 2010, Defendant was arrested by law enforcement officers in New Jersey, for committing various sexual assault related offenses, including but not limited to, Criminal Sexual Contact, in violation of Section 2C:14-3(b) of the New Jersey Code of Criminal Justice.

3. On or about January 31, 2011, Defendant pled guilty in the Superior Court of New Jersey, Morris County, to Criminal Sexual Contact, in the Fourth Degree, in violation of Section 2C:14-3(b) of the New Jersey Code of Criminal Justice and was subsequently sentenced to approximately three hundred and sixty-four days' imprisonment, the circumstance of which offense constitute an aggravated felony.

4. Thereafter, on or about January 12, 2012, Defendant was ordered removed from the United States to Guatemala by an Immigration Judge sitting in Newark, New Jersey.

5. On or about May 10, 2012, Defendant was removed from the United States to Guatemala. Shortly before his removal from the United States on or about May 10, 2012, an official from ICE took a fingerprint from Defendant.

6. At some point after his May 10, 2012 removal, Defendant re-entered the United States without permission from either the Attorney General or the Secretary of Homeland Security.

7. On or about April 3, 2019, Defendant was arrested by law enforcement officers in New Jersey for Sex Offender Failure to Register in violation of Section 2C:7-2(a)(3) of the New Jersey Code of Criminal Justice. On the same day, the Defendant entered into the custody of ICE in New Jersey.

8. A fingerprint taken from the Defendant pursuant to his 2010 arrest for Criminal Sexual Contact, were compared to his May 10, 2012, deportation record and the April 3, 2019 fingerprints that were taken after he entered ICE's custody. All the fingerprints were found to be identical.

9. Prior to the Defendant's reentry into the United States, neither the Attorney General nor the Secretary of Homeland Security consented to the Defendant re-entering the United States. The Defendant also did not receive a waiver allowing him to re-enter the United States.